### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE HOFFMAN<br>140 Whipporwill Road<br>Butler, PA 16001 | :<br>:<br>:<br>: | Case No. |
| Plaintiff, | :<br>: | COMPLAINT |
| vs. | :<br>: | FILED ON BEHALF OF:<br>Plaintiff, Hope Hoffman |
| TEXAS ROADHOUSE<br>INVESTMENTS-BUTLER<br>101 Clearview Circle<br>Butler, PA 16001 | :<br>:<br>:<br>: | COUNSEL OF RECORD FOR<br>PARTY:<br>Neal A. Sanders, Esquire<br>PA ID NO. 54618 |
| Defendant. | :<br>:<br>:<br>:<br>:<br>: | Dirk D. Beuth, Esquire<br>PA ID NO. 76036<br>Law Offices of Neal A. Sanders<br>1924 North Main Street Ext.<br>Butler, PA  16001 |
| | :<br>: | (724) 282-7771 |
| | :<br>: | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff Hope Hoffman, complaining of Defendant Texas Roadhouse, Inc., alleges as follows:

**PARTIES**

1. Plaintiff, Hope Hoffman, is an individual citizen who currently resides at 140 Whipporwill Road, Butler, Pennsylvania 16001.

2. Defendant, Texas Roadhouse, Inc., is a corporation in the restaurant industry. Defendant's corporate headquarters are located at 6040 Dutchmans Lane, Louisville, Kentucky 40205. Plaintiff was employed at the Defendant's restaurant located at 101 Clearview Circle, Butler, Pennsylvania 16001 under the name of Texas Roadhouse Investments-Butler.

**JURISDICTION AND VENUE**

3.  This action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.

4.  Jurisdiction over this action is conferred upon this Court by 29 U.S.C. §626(c) and 28 U.S.C. § 1331.

5.  Venue is properly laid in the Western District of Pennsylvania, because all transactions and occurrences which give rise to this action occurred within this District.

**COUNT I**
**Age Discrimination in Employment Act**

6.  Defendant is an employer within the meaning of the ADEA, 29 U.S.C. § 630(b). Specifically, Defendant employed twenty (20) or more employees in each of twenty (20) or more weeks in the preceding calendar year.

7.  At all times relevant hereto, Plaintiff, who was born in 1956, was a member of the class protected under the provisions of the ADEA.

8.  In or about 2002, Plaintiff was initially employed by the Defendant as a server. Plaintiff's last position with the Defendant was Service Manager.

9.  At all times relevant hereto, Plaintiff was qualified for the position of Service Manager.

10. On or about June 10, 2011, Plaintiff was informed that her employment was being terminated for complaining about the quality of food produced by the kitchen of the Defendant's Butler, Pennsylvania restaurant.

11. Employees who are substantially younger than Plaintiff have complained about the kitchen's performance without being disciplined.

12. Plaintiff believes and therefor avers that following Plaintiff's termination, the Defendant hired an individual who is substantially younger than Plaintiff to replace Plaintiff.

13. The Defendant, acting through its employees and agents, was motivated by Plaintiff's age when it made the decision to terminate Plaintiff's employment.

14. By reason of the foregoing, the Defendant unlawfully discriminated against the Plaintiff because of her age in violation of the ADEA, 29 U.S.C. § 626(a)(1).

15. Prior to filing this action, Plaintiff filed a charge alleging unlawful discrimination on the basis of age and retaliation with the Equal Opportunity Commission (EEOC). Plaintiff was issued a right to sue letter on February 8, 2012. It was received on February 10, 2012. A true and correct copy of this letter is attached hereto as Exhibit 1. This charge was cross-filed with the Pennsylvania Human Relations Commission (PHRC), which continues to investigate the matter.

16. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered loss of wages, loss of pension benefits, loss of insurance benefits, loss of other fringe benefits, loss of the opportunity to continue the gainful employ in which she had been engaged, loss of future earnings, and front pay, and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

17. The Defendant willfully violated the ADEA or with reckless disregard for whether its actions were prohibited such that an award of liquidated damages is appropriate.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff back pay, front pay or reinstatement, liquidated damages and reasonable costs and attorney's fees.

Respectfully submitted,

LAW OFFICES OF NEAL A. SANDERS,

Dated: April 20, 2012     By:/s/Neal A. Sanders
    Neal A. Sanders, Esquire
    PA ID NO. 54618
    Co-Counsel for Plaintiff,
    Hope Hoffman

By:/s/Dirk D. Beuth
    Dirk D. Beuth, Esquire
    PA ID NO. 76036
    Co-Counsel for Plaintiff,
    Hope Hoffman

Law Offices of Neal A. Sanders
1924 North Main Street Ext.
Butler, PA 16001

(724) 282-7771

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

By:/s/Neal A. Sanders
    Neal A. Sanders, Esquire

By:/s/Dirk D. Beuth
    Dirk D. Beuth, Esquire